# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

MARK P. STAFFA,

          Plaintiff,

-vs-                            Case No.    13-CV-5
                                      Appeal No. 14-2734

WILLIAM POLLARD, DR. DAVID BURNETT,
DR. P. SUMNICHT, BELINDA SCHRUBBE,
and JAMES GREER,

          Defendants.

## DECISION AND ORDER

        On August 4, 2014, the plaintiff filed a notice of appeal from this Court's July 28, 2014, order denying his request for a preliminary injunction/temporary restraining order, denying his discovery-related motions, and denying his motion to convene a jury. The plaintiff may appeal an interlocutory order refusing an injunction under 28 U.S.C. § 1292(a)(1). However, there is no basis for an appeal of the other orders. See 28 U.S.C. § 1292(b); *see also Reise v. Bd. of Regents of Univ. of Wis. Sys.*, 957 F.2d 293, 295 (7th Cir. 1992) ("Because almost all interlocutory appeals from discovery orders would end in affirmance (the district court possesses discretion, and review is deferential), the costs of delay via appeal, and the costs to the judicial system of entertaining these appeals, exceed in the aggregate the costs of the few erroneous discovery orders that might be corrected were appeals available."). The plaintiff seeks leave to proceed *in forma pauperis* on appeal.

A plaintiff who was allowed to proceed *in forma pauperis* in the district court does not ordinarily need to provide reasons for an appeal. *Celske v. Edwards*, 164 F.3d 396, 398 (7th Cir. 1999). There are three grounds for denying *in forma pauperis* status to a prisoner appellant: the prisoner has not established indigence, the appeal is in bad faith, or the prisoner has three strikes. *See* 28 U.S.C. §§ 1915(a)(2)-(3), (g). A party who has been granted leave to proceed *in forma pauperis* in the district court may proceed *in forma pauperis* on appeal without further authorization unless the district court certifies that the appeal is not taken in good faith or determines that the party is otherwise not entitled to proceed *in forma pauperis*. Fed. R. App. P. 24(a).

A district court should not apply an inappropriately high standard when making a good faith determination. *Pate v. Stevens*, 163 F.3d 437, 439 (7th Cir. 1998). An appeal taken in "good faith" is one that seeks review of any issue that is not frivolous, meaning that it involves "legal points arguable on their merits." *Howard v. King*, 707 F.2d 215, 219-20 (5th Cir. 1983) (quoting *Anders v. California*, 386 U.S. 738 (1967)); *see also Coppedge v. United States*, 369 U.S. 438, 445 (1962). On the other hand, an appeal taken in bad faith is one that is based on a frivolous claim, that is, a claim that no reasonable person could suppose has any merit. *Lee v. Clinton*, 209 F.3d 1025, 1026 (7th Cir. 2000).

In considering the plaintiff's request to proceed *in forma pauperis* before the district court, it was determined that the plaintiff met the indigence requirement of 28 U.S.C. § 1915(a)(1) and that his claims were neither malicious nor frivolous. As a result, this Court does not find any indication that the plaintiff's appeal is not taken in good faith. Thus, the Court will

2

grant the plaintiff's request to proceed *in forma pauperis* on appeal.

Under the Prison Litigation Reform Act, a prisoner must pay the applicable filing fees in full for a civil action. 28 U.S.C. § 1915(b). If a prisoner does not have the money to pay the $505.00 filing fee in advance for an appeal, he can request leave to proceed *in forma pauperis*. To proceed with an action or appeal *in forma pauperis*, the prisoner must complete a petition and affidavit to proceed *in forma pauperis* and return it to the Court along with a certified copy of the prisoner's trust account statement showing transactions for the prior six months. 28 U.S.C. § 1915(a)(2). The Court must assess an initial filing fee of twenty percent of the average monthly deposits to the plaintiff's prison account or average monthly balance in the plaintiff's prison account for the six-month period immediately preceding the filing of the notice of appeal, whichever is greater. 28 U.S.C. § 1915(b)(1).

After the initial fee is paid, the prisoner must make monthly payments of twenty percent of the preceding month's income until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2). The agency which has custody of the prisoner will collect the money and send payments to the court. No payment is required in months when the prisoner's preceding month's income is $10.00 or less. *Id.*

Along with his request to proceed *in forma pauperis*, the plaintiff filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his notice of appeal. A review of this information reveals that the plaintiff is not required to pay an initial partial filing fee. *See* 28 U.S.C. § 1915(b)(4). He will, however, have to may payments pursuant to 28 U.S.C. § 1915(b)(2). *Newlin v. Helman*, 123 F.3d 429, 434 (7th

3

Cir. 1997), rev'd on other grounds by, *Walker v. O'Brien*, 216 F.3d 626 (7th Cir. 2000) and *Lee v. Clinton*, 209 F.3d 1025 (7th Cir. 2000).

Plaintiff's Request for Counsel

On July 21, 2014, the plaintiff filed a request for pro bono counsel. He contends that his status as a prisoner prevents him from researching and securing the expert testimony and opinions the Court requires to make an informed decision on his complex medical care claim. The Court has discretion to recruit counsel to represent a litigant who is unable to afford one in a civil case. *Navejar v. Iyiola*, 718 F.3d 692, 696 (7th Cir. 2013); 28 U.S.C. § 1915(e)(1); *Ray v. Wexford Health Sources, Inc.*, 706 F.3d 864, 866-67 (7th Cir. 2013). As a threshold matter, litigants must make a reasonable attempt to secure private counsel on their own. *Pruitt v. Mote*, 503 F.3d 647, 653 (7th Cir. 2007). If the plaintiff makes a reasonable attempt to secure counsel, the court must examine "whether the difficulty of the case – factually and legally – exceeds the particular plaintiff's capacity as a layperson to coherently present it." *Navejar*, 781 F.3d at 696 (citing *Pruitt*, 503 F.3d at 655). This inquiry focuses not only the plaintiff's ability to try his case, but also includes other "tasks that normally attend litigation" such as "evidence gathering" and "preparing and responding to motions." *Id.*

The plaintiff has satisfied the threshold requirement of trying to find an attorney on his own. He is proceeding on an Eighth Amendment deliberate indifference to a serious medical need claim based on allegations that the defendants failed to properly inform him of and treat his "MRSA, Impetigo, & Entrobacter" infections. He also claims that the defendants were deliberately indifferent based on his exposure to the communicable diseases. These medical

4

claims are related to the plaintiff's skin conditions and they are not complex. In addition, the plaintiff has demonstrated an ability to investigate and conduct discovery. He filed a response on May 16, 2014, to the defendants' April 30, 2014, motion for summary judgment along with forty-one exhibits. The defendants' summary judgment motion is fully briefed and will be addressed in a subsequent order. At this stage, the plaintiff is competent to proceed on his own. If this case survives summary judgment, the plaintiff may refile his motion for pro bono counsel. Accordingly, his request for counsel will be denied without prejudice.

## ORDER

**IT IS THEREFORE ORDERED** that the plaintiff's motion to appoint counsel (Docket # 119) is **denied without prejudice**.

**IT IS FURTHER ORDERED** that the plaintiff's request for leave to appeal is **granted** as to appeal of the Court's July 28, 2014, order denying his request for injunctive relief and **denied** as to appeal of the Court's July 28, 2014, order denying his discovery-related motions and motion to convene a jury.

**IT IS FURTHER ORDERED** that the plaintiff's motion for leave to proceed *in forma pauperis* on appeal (Docket # 129) is **granted**.

**IT IS FURTHER ORDERED** that the plaintiff shall not be required to pay an initial partial appeal fee.

**IT IS FURTHER ORDERED** that the Secretary of the Wisconsin Department of Corrections or his designee shall collect from the plaintiff's prison trust account the balance of the appeal fee ($505.00) by collecting monthly payments from the plaintiff's prison trust

account in an amount equal to 20% of the preceding month's income credited to the plaintiff's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10.00 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action.

**IT IS FURTHER ORDERED** that these proceedings are stayed until such time as the Court of Appeals has resolved the plaintiff's appeal from this Court's denial of injunctive relief.

**IT IS FURTHER ORDERED** that copies of this order be sent to the warden of the institution where the plaintiff is confined, and to PLRA Attorney, United States Court of Appeals for the Seventh Circuit, 219 S. Dearborn Street, Rm. 2722, Chicago, Illinois 60604.

Dated at Milwaukee, Wisconsin, this 11th day of September, 2014.

**SO ORDERED,**

*/s/ Rudolph T. Randa*
**HON. RUDOLPH T. RANDA**
**U. S. District Judge**