# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**MARK P. STAFFA,**

    Plaintiff,

  -vs-                                         Case No. 13-CV-5

**WILLIAM POLLARD, et al.,**

    Defendants.

# DECISION AND ORDER

The pro se plaintiff is a Wisconsin state prisoner. He filed this civil rights action under 42 U.S.C. § 1983 and was granted leave to proceed *in forma pauperis*. On August 25, 2015, the Court granted the defendants' motion for summary judgment. Judgment was entered on August 25, 2015. On August 31, 2015, the plaintiff filed a motion for reconsideration, which the Court addresses below.

In support of his motion, the plaintiff contends that the Court's summary judgment order omitted the fact that the defendants denied him any medical treatment for more than eighteen months. He asserts that the Court based its decision entirely on what the defendants did after they caused him to him be exposed to and contract H-Pylori, Entrobacter, and Staph. Lastly, the plaintiff charges that the Court denied him his "due process rights of discovery under 'HIPPA' keeping medical evidence from

being introduced in an effort to protect the DOC and its employees from being held liable for violating this plaintiff's 8th Amendment rights." (ECF NO. 150 at 1.)

Altering or amending a judgment pursuant to Rule 59(e) is permissible when there is newly discovered evidence or where there has been a manifest error of law or fact. *Harrington v. City of Chicago*, 433 F.3d 542, 546 (7th Cir. 2006) (citing *Bordelon v. Chi. Sch. Reform Bd. of Trs.*, 233 F.3d 524, 529 (7th Cir. 2000). A "manifest error" is a "wholesale disregard, misapplication, or failure to recognize controlling precedent." *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) (citation omitted). Rule 59(e) motions are generally not vehicles to introduce new evidence or advance arguments that could or should have been presented to the district court prior to judgment. *Moro v. Shell Oil Co.*, 91 F.3d 872, 876 (7th Cir. 1996); *Rothwell Cotton Co. v. Rosenthal & Co.*, 827 F.2d 246, 251 (7th Cir. 1987). Whether to grant a motion to amend judgment "is entrusted to the sound judgment of the district court." *In re Prince*, 85 F.3d 314, 324 (7th Cir. 1996).

The Court's summary judgment order considered the plaintiff's arguments regarding his Eighth Amendment medical care claims. (See ECF No. 148 at 27-39.) The plaintiff's motion for reconsideration does not

demonstrate that the Court's order contains a manifest error of law or fact.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT** the plaintiff's motion for reconsideration (ECF No. 150) is **DENIED**.

Dated at Milwaukee, Wisconsin, this 23rd day of October, 2015.

**BY THE COURT:**

_____
**HON. RUDOLPH T. RANDA**
**U.S. District Judge**